# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Lundberg, | No. CV-13-02465-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

Before the Court is (Doc. 24) Plaintiff's Response (Objections) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 23). Pursuant to LR Civ. 72.2(a) and F.R.Civ. P. Rule 72, and after conducting a *de novo* review, the Court accepts the Magistrate Judge's R&R in its entirety.

For the purposes of laying out the factual and procedural history in this case, the Court hereby incorporates the full R&R.

<u>Analysis</u>

The heart of the issue before the ALJ, the Magistrate, and this Court is whether Plaintiff was provided misinformation by the Tucson SSA office such that she may recover pursuant to 20 C.F.R. § 404.633.

Plaintiff avers that during her September 2005 appointment for Medicare and retirement benefits, she did not ask *the* specific question of whether she could draw on her ex-husbands account while allowing her account to grow. (Doc. 26 at p.2). Nevertheless, she argues that she provided the representative with sufficient information (that she knew she could draw on her ex-husband's account as well as her own and that

1 she wanted the largest benefit possible) such that the representative should have informed
2 her that she could draw on her ex-spouse's account when she reached full retirement age
3 in April 2006 and continue to let her account grow until she reached the age of 70. *Id.*

4 Upon review of this record, this Court agrees with the ALJ and the Magistrate Judge that there is no evidence that the representative Plaintiff was provided with misinformation in response to any *specific* request in September 2005.  By her own admission, Plaintiff did not directly ask the representative if she could draw on her ex-husband's account while letting hers grow—Plaintiff only claims she asked which benefit would be larger. *Id*. The representative correctly answered that they would be about the same amount and that she could draw on either account. *Id.* at p. 2, p. 5.

11 The Court sympathizes with Plaintiff and further agrees with the Magistrate Judge that "Looking at the record as a whole, considering both evidence that supports and undermines the ALJ's findings, it is clear that the evidence may be susceptible of more than one rational interpretation, ***but in that case, the decision of the Commissioner, acting through the ALJ, must be upheld***." (Doc. 23 at p. 7-8) (Emphasis added). *Citing Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998); *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (per curiam).

18 Accordingly,

19 **IT IS HEREBY ORDERED** affirming the decision of the Commissioner, accepting (Doc. 23), and dismissing this case;

21 **IT IS FURTHER ORDERED** striking (Doc. 27) as contrary to (Doc. 23);

22 **IT IS FURTHER ORDERED** that the Clerk of the Court enter Judgment in favor of Defendant and close this case.

24 Dated this 20th day of February, 2015.

Raner C. Collins
Chief United States District Judge